FRANCES BECKISH ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF COLUMBIA

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 12—decided November 23, 1971

*Herbert A. Lane,* with whom, on the brief, was *Jerome A. Rosen,* for the appellants (plaintiffs).

*Jerome I. Walsh,* with whom was *Robert J. Haggerty,* for the appellee (defendant).

COTTER, J. The plaintiffs applied to the defendant commission for a special permit pursuant to § 4.32 (D) of the zoning regulations of the town of Columbia to extend an existing nonconforming use to include the remaining unoccupied floor space in the building, known as the Landmark, owned by

Frances Beckish and operated by the plaintiffs as the owners of Landmark, Inc., which is located at the intersection of routes 6A and 87. At a meeting of the commission held on November 14, 1967, it was voted to grant a special permit as requested subject to eighteen conditions and the plaintiffs' appeal is based on the imposition of two of those conditions, which require: "The free-standing sign located East of the Landmark on the Columbia Town Green, adjacent to route # 87, and the free-standing sign located South of the Landmark, adjacent to route 6-A are to be removed within Two Weeks from the issuance of this Special Permit" (designated condition 11 by the commission) and "No additional exterior signs may be erected, added to or changed except upon receipt of a Zoning Permit" (designated condition 12 by the commission).

It is the plaintiffs' claim that the defendant commission acted illegally, arbitrarily and in abuse of its discretion because: (1) the conditions do not bear any relation to any standards set forth in the regulations and are not founded on or warranted by the regulations; (2) the imposition of condition 11 deprives the plaintiffs of the use of their property without due process of law; and (3) condition 12 is too vague and uncertain.

The property in question, although a nonconforming use, is located in a residence A-1 district. The general appearance and location of the property is significant. Prior to 1962 the building, a rambling, wooden structure two hundred years old, was used as an inn and more recently as a retail establishment for the sale of newspapers and grocery items. It was also used in part as a residence. After 1962, Peter Beckish opened a pharmacy in the building and sold drugstore items, using only a portion of

the building for this activity. The plaintiffs stated, inter alia, in their application to the commission requesting the permit for an extension of the non-conforming use that "[t]he present exterior general appearance of the building will not be altered so as to change the colonial and historic appearance of the building. The said general appearance will remain in conformity with the existing structures in the area."

Section 4.3 of the zoning regulations of the town of Columbia is entitled "Special Permit Use." Section 4.32 (D), pursuant to which the plaintiffs applied, concerns "Non-Conforming Retail Establishments" and specifically provides that "legally existing non-conforming retail establishments may be expanded to use the existing floor area of an existing main building only, not fully occupied by it for a retail or commercial use . . . subject to the conditions and restrictions listed" below in the section. Section 3.11 (Table of General Use Regulations), column 3 (Uses by Special Permit), pertaining to residence A-1 district, specifically authorizes the following use by special permit: "Expansion of legally existing non-conforming retail establishments within the existing floor area of the main building only, subject to Section 4.32 (D). A permit granted under the provisions of this section shall not be construed as eliminating or waiving by the Commission the non-conforming status of such building or use."

It is well settled that the conditions permitting the use of property as a special exception must be found in the zoning regulations themselves; that the commission must have the authority in granting a special exception to subject the grant only to those conditions which are found in the regulations; and that none of the conditions imposed by the commis-

sion altered the requirements prescribed in the zoning regulations. *Farina* v. *Zoning Board of Appeals,* 157 Conn. 420, 422, 254 A.2d 492.

"Special permit" and "special exception" have the same meaning and can be used interchangeably. See *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160. A special permit, as requested by the plaintiffs, permits an applicant to put his property to a use which is expressly permitted under the regulations so that the conditions under which a special exception is allowed must be found in the regulations and cannot be altered; and if a condition is imposed by a commission without being warranted by the regulations, it is void. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 353, 232 A.2d 916. The regulations, as amended, contain specific and general conditions. Section 4.31 of the regulations, for instance, contains six subsections enumerating certain conditions with which the applicant must comply in connection with "the proposed use." There is nothing in the zoning regulations, however, which gives the defendant commission any authority to require the discontinuance of a preexisting use of undisputed legality, as distinguished from a proposed use, so as to impose such a requirement in the nature of a condition before it will agree to grant the expansion of a nonconforming use of the remainder of the floor area in the building.

A zoning ordinance may reasonably regulate or prohibit the use of advertising signs as an exercise of the police power, and a zoning regulation such as § 3.11 has been approved as coming within the police powers of the community. *Franklin Furniture Co.* v. *Bridgeport,* 142 Conn. 510, 515, 115 A.2d 435; *McGuire* v. *Purcell,* 7 Ill. App. 2d 407, 129 N.E.2d

598; *Liggett's Petition,* 291 Pa. 109, 139 A. 619; 101 C.J.S., Zoning, §§ 60, 158; 3 Yokley, Zoning Law and Practice (3d Ed.) § 28-59. For a general discussion see *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 298–300, 40 A.2d 177. The free-standing signs involved in the present case, however, are clearly not of the type allowed by § 3.11. We have stated that under certain circumstances the erection and presence of advertising signs on one's premises at the time of the adoption of an ordinance, which otherwise prohibited their use, may be found to be an existing lawful nonconforming use of the premises at the time of the adoption of the ordinance in question so as to allow their lawful continuance. See *State* v. *Huntington,* 145 Conn. 394, 400, 401, 143 A.2d 444. From the record before us in this case we cannot say what the situation was prior to the adoption of the regulations. The rule concerning the continuance of a nonconforming use protects the right of a user to continue only the same use of the property as it existed before the date of the adoption of the zoning regulations. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675; 101 C.J.S., Zoning, § 189. The limits of the present use are not apparent in the record before us. The condition imposed as to the free-standing sign located on the plaintiffs' premises was not properly before the commission and could not be dealt with in that proceeding. The condition imposed as to the removal of the sign purportedly located on the Columbia town green is likewise improper. Except for the fact that the sign is stated to be so located, the record before us is devoid of evidence to support such a conclusion and, moreover, its consideration was irrelevant to the hearing on the application before the commission. We cannot review the issues whether the plaintiffs' signs as

described were lawfully located by virtue of a legally vested interest, or because of a lawful nonconforming use or because of some arrangement with the town of Columbia. These issues, if they are to be resolved, must be decided in a different cause of action, brought by the town if in fact a sign is on the town green or by the commission or a legally designated officer to enforce § 3.11 of the regulations. Section 8.4 provides penalties for violations of the zoning regulations, and § 8.42 decrees that "[t]he Commission shall have such other remedies as are provided by law to restrain, correct, or abate any violation of the zoning regulations." Cf. *Bianco* v. *Darien,* 157 Conn. 548, 553, 254 A.2d 898; *Lebanon* v. *Woods,* 153 Conn. 182, 215 A.2d 112. The commission could not lawfully require the removal of the signs as a condition to the granting of the special permit in the present case. The plaintiffs' application was requested for the purpose of expanding their nonconforming use to include the unoccupied floor area in the building. The signs did not bear any relation to the plaintiffs' application for the proposed use of the building. The existence of the signs was brought into the public hearing on the application tangentially, no clear evidence was adduced and the discussion was not within the purpose of the meeting.[1]

---

[1] The following might explain the reasons why the commission included the contested conditions in its grant. The only recorded comments concerning the signs appear to be offhand remarks by a participant at the public hearing, such as: "There has been apparently some violation in respect to the sign in the past"; and a statement by Mrs. Beckish that "I did get permission from Mr. Robinson for the first sign and I also got permission for the second sign." Mr. Robinson, now deceased, apparently was a former first selectman of the town.

It is interesting to note that certain members of the Columbia Historical Society met ex parte with the commission on September 12,

Condition 12 imposed by the commission appears to be entirely gratuitous. The plaintiffs, after full compliance with the provisions of the zoning regulations of the town of Columbia, may erect the signs which are permitted in a residence A-1 district pursuant to § 3.11, Table of General Use Regulations, column 5.

Since the defendant commission lacked authority to impose the contested conditions they may be revoked, set aside and declared to be void and of no force. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 354, 232 A.2d 916. The view we take of the case is dispositive of this appeal and there is no need to discuss the other questions raised by the plaintiffs.

The imposition of the void conditions does not necessarily render the whole decision illegal and inefficacious.[2] If there are sufficient grounds to support the remaining action of the commission, which is not contested by the parties, a modification of the decision may be decreed. The issue as to the validity or legality of the free-standing signs, if questioned, can only be determined through another legal process and is not, under the circumstances, an issue to be resolved in the present proceeding. The condi-

1967, and it was stated that the Landmark was in violation of the zoning regulations. Dr. R. G. MacDonald asked the commission at that meeting about the signs and he was informed "that no free standing signs will be allowed as they are in violation of the zoning regulations"; that the zoning board "has the power to enforce corrections of violations of the Landmark"; and that the commission would take the violations under advisement.

[2] It is significant that the defendant commission in its brief approves the statement "that the imposition of a void condition does not necessarily render the whole decision illegal and inefficacious"; and further states that "certainly the sign conditions affecting only the use of the land are divisible from the conditions imposed with regard to the building."

tions imposed in this case by the commission were not an essential or integral part of the permissible, required action of the defendant commission based on the application of the plaintiffs for an extension of an existing nonconforming use to include the remaining unoccupied floor space in the building; the contested conditions which were imposed are separate and distinct and can be severed from the action of the commission in granting the special permit. Even if the matter was remanded for a new hearing, these conditions would have no place in a new hearing or a new decision of the commission because they pertain to another, separate proceeding under the specific provisions of the regulations. Under the circumstances, although the conditions imposed are illegal and of no effect, this illegal action does not invalidate the remainder of the commission's decision. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* supra, 354, 355.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.