[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PROCEDURAL AND FACTUAL BACKGROUND
The plaintiff appeals a decision of the defendant Zoning Commission denying the plaintiff's application for a "special case permit" under Section 20 as required by section 7.1.4 of the Stratford Zoning Regulations. The application was dated December 26, 1990. On February 19, 1991 the Zoning Commission held a public hearing. After several meetings the defendant Commission voted to deny the petition on April 22, 1991. This appeal followed made returnable to the court on May 28, 1991. An amended appeal was filed May 17, 1991. The court sustains the appeal.
Certain essential facts are undisputed. The plaintiff operates a gasoline station with two repair bays at a five-way intersection of Park Avenue, Barnum Avenue, Boston Avenue and College Street. It proposes to convert this to a self-service facility with three repair bays. No changes will be made to the building on the site but canopies will be constructed over the gasoline tanks. The plaintiff obtained the variances and permits required although it has failed to comply with stipulations of a variance in 1978. At the hearing the plaintiff offered a traffic study which concluded that the conversion to self-serve would not create a major impact on the traffic at the site. Return of Record Item 14: Minutes, February 19, 1991, p. 8. The site is across the street from a Merit self-service station. No one appeared in opposition to the application. On April 16, the Commission unanimously voted to request a 65-day extension from the plaintiff in order to obtain a report from the Greater Bridgeport Regional Planning Agency. On April 22 without the extension, the Commission denied the application giving nine reasons for its CT Page 4355 decision.
The complaint alleges that the commission acted illegally, arbitrarily and in abuse of its discretion because it disregarded the record. The defendant has not briefed the fourth through ninth reasons. Issues not briefed are deemed abandoned. Mangels v. Commissioner of Motor Vehicles, 40 Conn. Sup. 226, 227: Katsetos v. Nolan, 170, 637, 641. The defendant briefed the first three issues which are the ones addressed in this decision and which are as follows:
 1. Mobil failed to provided a complete and accurate and up to date traffic study which failed (sic)to show how the property and streets would be affected or support a conversion to self-service.
 2. The traffic study did not include level of service information, signalization data and turning movements necessary to make an informal decision in order to examine the project's potential impact on existing conditions.
 3. The traffic study failed to show a safe stacking plan that would not adversely affect traffic and visibility.
AGGRIEVEMENT
Pleading and proof of aggrievement are essential to establish the court's subject matter jurisdiction over an administrative appeal, Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697,702. The burden of demonstrating aggrievement rests with the plaintiff. Zoning Board of Appeals v. Planning and Zoning Commission, 27 Conn. App. 297,301. A party has been aggrieved if is successfully demonstrates a specific, personal and legal interest in the subject matter decision, as distinguished from a general interest, such as the concern of all member's of the community as a whole, and successfully established that this specific, personal and legal interest has been specially and injuriously affect by the decision. Id. 300-301.
Attorney Donal Cahill, Jr. testified that he was the local counsel and agent for Mobil Oil Corporation. He presented for evidentiary purposes certified copies of the following documents: (1) a Warranty Deed dated December 12, 1928 from Filomena Mingolallo to Standard Oil Company of New York recorded in the Stratford Land Records in Volume 130 at page 499 for one parcel. Exhibit A. (2) A Warranty Deed from Raymond W. and Gladys Ganim to Mobil Oil Corporation dated August 12, 1968 and recorded in the Stratford Land Records at Volume 443 at page 60 for a second Parcel. Exhibit B. (3) a Change of Name Certificate of Standard Oil CT Page 4356 Company of New York to Mobil Oil Corporation dated August 8, 1990 and recorded in the Stratford Land Records in Volume 747 at page 25. Further Attorney Cahill testified that he had completed a title run-down to 1:30 p.m. on February 5, 1992 within an hour of the appeal hearing.
The court finds that Mobil Oil is the owner of the property and has a specific, personal and legal interest therein and it is therefore aggrieved by the denial of its application.
DISCUSSION
The property lies in the CA district the uses of which are described in section 7.1 of the Zoning Regulations. Section 7.1.4 provides that "a self-service gasoline station shall be subject to the approval of the Planning and Zoning Commission as a special case." In Stratford, "(A)n application for approval as a Special Case amounts to an application for a special exception.:" Maher v. Town Planning, 157 Conn. 420, 422.(SVL ck cite) The terms "special permit" and "special exception" have the same legal import and can be used interchangeably. Beckish v. Planning and Zoning Commission,162 Conn. 11, 15.
Section 20.2 of the Zoning Regulations addresses special cases.
 Those uses which are named as special cases by these regulations shall be considered to be permitted uses in the districts under which they are named, subject to approval by the commission as to each specific use. . . . Before approving any special case the commission shall consider. . . (b) The capacity of adjacent and feeder streets to handle peak traffic loads and hazards created by the use.
The transcripts of the Commission meetings in which the subject application was discussed were not submitted with the Return of Record. Both sides indicated at the hearing that the minutes submitted with the Return of Record would be sufficient for the court's purposes.
The Minutes reflect that the Commission took the following action after the public hearing:
1. On March 11, 1991 a motion was made and seconded to table the petition presumably for the purpose of considering the effect, if any, of the installation of a traffic signal in front of a school a few blocks from this location.
2. On March 19, 1991 the Commission directed the Planning and Zoning Administrator, Gary Lorentson, to contact the Chief of Police CT Page 4357 for comments regarding traffic. Mr. Lorentson had advised the Commission that the Police Traffic Division had indicated it had no comment on the petition. At that meeting receipt of the plaintiff's revised plans for a stacking aisle was acknowledged.
3. On April 8, 1991, the Commission members discussed concern for the safety of schoolchildren due to the site's proximity to two elementary schools. The Commission further discussed hours of operation and requested the staff obtain a level of service traffic study from the Greater Bridgeport Regional Planning Agency. Further the Commission asked whether Mobil would be opposed to partial self-service and a restriction on hours of operation. The defendant's counsel opined that there might be acceptance of a partial self-service operation but not necessarily to restricted hours of operation.
4. On April 16 the Commission unanimously voted to request a 65-day extension.
5. On April 22 the Commission learned that Mr. Lorentson had not received authorization for the extension. The Commission then reviewed the maps, one member stating that he had physically inspected the property which "showed many cars parked at this station and he feels this will be too intense a use of the property as it is in a heavily trafficked area with 2 schools and a church in close proximity to the location." He also stated that traffic had increased since the 1988 traffic study data had been compiled. Return of Record, Item 23. Another member expressed concern about "stacking and vehicular movement because of the triangular shape of the property between 2 heavily trafficked roads." Id. Subsequently, the Commission voted unanimously to deny the petition.
When acting upon a special permit, a zoning commission acts in an administrative capacity. A. P. W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 186. A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. Beckish v. Planning and Zoning Commission, supra. The proposed use must, however, satisfy standards set forth in the zoning regulations designed to lessen congestion in the streets, to promote health, safety and the general welfare. Conn. Gen. Stat. sec. 8-2.
Upon appeal, the reviewing court may not substitute its judgment for that of the board where the board has stated the reasons for its action. The court may only determine if the reasons given are supported by the record and are pertinent to the decision. Goldberg v. Zoning Commission, 173 Conn. 23, 25-26; Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159,164. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative CT Page 4358 agency. Feinson v. Conservation Commission, 180 Conn. 421, 425. Lay members of the commission are permitted to rely on "their personal knowledge concerning matters readily within their competence, such as traffic congestion and street safety. . . ." Id. at 427. The court must determine the correctness of the conclusions from the record on which they are based. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 306. That record includes knowledge which board members acquire through personal observation of the site. Burnham v. Planning and Zoning Commission,189 Conn. 261, 267. The decision of the zoning authority must be sustained if even one of the stated reasons is sufficient to support it. Id., 26.
A cursory review of the reasons stated by the board appear to be sufficient to sustain the appeal. However, a further analysis indicates that the reasons cited by the Commission are not supported by the record. There is no basis for the Commission's finding that Mobil failed to provide an up-to-date traffic study to show how property and streets would be affected or support a conversion to self-service. Liv Brakewood of Brakewood Planning and Design of Shelton performed a traffic study for the plaintiff. She stated that the source of her information was the state's 1988 count which was current as of the summer of 1990. She stated that there is "really no back-up data" for the situation where a gasoline station converts from full-service to self-service." Return of Record, Item 18, p. 3. She further stated that the industry of traffic engineers defines three different types of trips: primary, diverted link, and pass-by. The industry evaluates pass-by traffic in connection with the conversion of gasoline stations where the basic use will be unchanged. Gasoline stations draw from a high percentage of pass-by trips: "the people are on the road anyway . . . and they pick up gasoline on the way." Return of Record, Item 18, p. 4. She explained that she did not count the traffic in the street as "(T)hat's been done by the State, you have the State count." Return of Record Item 18, p. 6. No commissioner questioned her at that time as to the "State's count": therefore, it can be inferred that the commissioners knew or knew of the data.
Similarly, there was no evidence to suggest that the issues raised by the second reason for denial were pertinent to the proposed conversion. Ms. Brakewood was not questioned about levels of service, signalization data and turning movements. There is nothing in the record from which one can conclude that the proposed use will result in a change in the behavior of either the passing cars or the cars using the station to warrant a denial on that basis.
The third reason concerned the stacking of cars. The commission received a stacking plan after the public hearing closed. The court infers from the minutes that the defendant came to conclusions about that plan but failed to give the plaintiff an CT Page 4359 opportunity to answer questions or rebut conclusions drawn. Further, it ignored the expert's opinion that less stacking was expected to result from the new arrangement because dispensing the product from the self-service pumps would take less time. No evidence contesting that view was presented to the commission.
As to the aforementioned concerns, the police department was twice invited to review the plan and application and render an opinion. On both occasions, the police department responded that it had no comment. There was no public opposition to the application.
It is true that Connecticut case law permits lay members of a commission to rely on their own personal knowledge and observations concerning matters within their competence, such as traffic congestion and street safety. Feinson v. Conservation Commission at 427. It is also true that the use of such local knowledge must be pertinent to the issue at hand. Here, the use of a self-service gasoline station is permitted. The use as a gasoline station has been long established. Whatever problems exist with regard to traffic movement and its impact on adjacent and feeder streets exist now. The commissioners' knowledge would be relevant were there to be a new use at the location or where the applicant proposed new entrances, exits or curb cuts that would result in directional modifications. Here, the record is clear that the conversion will not have an impact on traffic patterns.
For the foregoing reasons the appeal is sustained and the case is remanded to the Commission for further proceedings in accordance with this decision. The plaintiff raised the issue of predisposition which the court does not address as its finding is dispositive of the appeal.
LEHENY, JUDGE