[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant South Windsor Planning and Zoning Commission (the "Commission") which granted the plaintiff's subdivision application subject to an allegedly illegal condition.
On December 7, 1990 the plaintiff Manchester I-84 Associates Limited Partnership applied to the Commission for approval of a subdivision plan for twenty lots for twenty single-family detached dwellings on property owned by the plaintiff, zoned AA, containing 25.033 acres and located on the southwest corner of Slater and Deming Streets in South Windsor, Connecticut.
After a public hearing on the plaintiff's subdivision application the Commission voted to approve the application, subject to twenty-three conditions. Condition number five states: "Water shall be supplied to this subdivision by wells." Condition number twenty-two states: "Prior to issuance of building permit, wells must be tested for EDB as well as bacterial and chemical analysis with the results submitted to the Town Sanitarian. If EDB is present in any supply, it will be the developers (sic) responsibility for appropriate remedial action." Condition number twenty-three (hereinafter "condition number 23") states: "The developer must place a water main system at the time of road construction in Rockwell Road and Loomis Road at an appropriate elevation in the event that future service connections are required."
In this appeal, the plaintiff attacks only the legality of the imposition of condition number 23 on the approval of the subdivision application.
At the hearing on this appeal, the plaintiff presented evidence that it was the owner of the property which was the subject of the subdivision application. As such, the plaintiff CT Page 5047 was aggrieved by the decision of the Commission. Bossert v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968); Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488, 227 A.2d 91 (1967); Huck v. Inland Wetlands and Watercourses, 203 Conn. 525, 530,525 A.2d 940 (1987).
In exercising its function of approving or disapproving a subdivision plan, a planning commission acts in an administrative capacity. R.K. Development Corporation v. Norwalk, 156 Conn. 369, 376, 242 A.2d 781 (1968); Beach v. Planning and Zoning Commission, 141 Conn. 79, 84, 103 A.2d 814
(1954); Westport v. Norwalk, 167 Conn. 151, 155, 355 A.2d 25
(1974). In passing upon a subdivision application, the commission is controlled by the regulations which it previously adopted. Westport v. Norwalk, supra; Beach v. Planning and Zoning Commission, supra at p. 83.
If a condition is imposed by a commission without being warranted by the regulations, it is void. Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 353,232 A.2d 916 (1967); Beckish v. Planning and Zoning Commission,162 Conn. 11, 15, 291 A.2d 208 (1971).
In order to determine whether condition number 23 was warranted by the subdivision regulations, it is, of course, necessary to review those regulations. The provisions of the subdivision regulations relating to water supply is contained in 2.4.a, which provides:
 2.4.a. Water Supply: No building or structure shall be hereafter erected for use as living quarters for one or more families, unless said structure is supplied with drinking water from a well servicing no other structure used as living quarters or unless water for use by said structure is supplied by a water company specially chartered by the General Assembly and approved by the Public Utilities Commission.
 Subdivisions containing in excess of five (5) lots served by individual wells on each lot shall contain a gross area of the subdivision not less that 30,000 square feet per family.
The plaintiff's subdivision plan contained twenty lots served by individual wells. Each subdivision plan lot contained a gross area of 30,000 square feet or more.
Condition of approval number 5 stated: "Water shall be supplied to this subdivision by wells." CT Page 5048
A review of the record reveals that the Commission imposed conditions number 22 and 23 due to a concern about future potential contamination of the subdivision's groundwater supply by ethylene dibromide ("EDB"). The proposed subdivision is located approximately one-half mile from an area where certain private drinking water wells were found to be contaminated by EDB. However, tests of the groundwater on the proposed subdivision indicated that it was free of EDB. Moreover, the subdivision was located outside of the "limit of potential contamination" as shown on a map prepared by environmental consultants for the Town of South Windsor.
The Commission apparently adopted condition number 23, which required construction of a water main system under the roadway, in order to facilitate the supply of public water to the subdivision in the event that subdivision well water becomes contaminated by EDB in the future.
The Commission claims that condition number 23 is warranted by subdivision regulation 2.2 which provides, in part:
 2.2 General Design Requirements: All land to be subdivided shall be of such character that it can be used for residential purposes without danger to health and safety.
That regulation, as well as 8-25 of the Connecticut General Statutes, the Commission claims, mandate it to protect the public health and safety, which includes providing for potable drinking water.
Zoning regulations are in derogation of common law property rights, and cannot be construed to include or exclude by implication what is not clearly within their expressed terms. Planning and Zoning Commission v. Gilbert, 208 Conn. 696, 705,546 A.2d 823 (1987); Dowling Zoning Board of Appeals, 187 Conn. 689,694, 447 A.2d 1172 (1982); JM Realty Co. v. Board of Zoning Appeals, 161 Conn. 229, 233, 286 A.2d 317 (1971).
When Sections 2.2 and 2.4.a of the subdivision regulations are viewed together, it appears that the Commission has satisfied its mandate to provide potable drinking water by requiring all residences to have water supplied by wells or the public water supply. If Section 2.4.a had been intended to authorize the Commission to require water mains and wells in subdivisions it could have contained language similar to that of 2.7 of the subdivision regulations, which permits the Commission to require the provisions of septic tanks and capped sewers in certain situations. CT Page 5049
Condition number 22 of the Commission's approval of the subdivision application provided protection to the public in the event that the well water on the subdivision was found to contain EDB. That condition required testing for the presence of EDB in the well water prior to the issuance of a building permit and further required the owner to take appropriate remedial action if EDB was found.
An administrative agency cannot turn down an application based upon general references to protecting public health, safety and welfare, whether or not its regulations contain such general terms. RK Development Corporation v. Norwalk, 156 Conn. 369,376, 242 A.2d 781 (1968): Beach v. Planning and Zoning Commission, 141 Conn. 79, 85, 103 A.2d 814 (1954); Kosinski v. Lawlor, 177 Conn. 420, 423, 418 A.2d 66 (1979).
In Kosinski, supra, the Planning and Zoning Commission denied a site plan application because it was "a poor use of the site," even though the site plan complied with applicable regulations. The Commission relied on a section of its regulations which made general reference to the Commission's duty to provide for the public health safety and welfare. The Court held that the Commission would not rely on a regulation which contained merely a broad legislative statement of purpose, and lacked standards for use, in approving or denying the site plan application. Such a regulation could be used only in conjunction with and not as an alternative to more specific standards contained in the applicable zoning regulation,177 Conn. at p. 423.
Section 2.2 of the Subdivision regulations contains merely a general legislative statement of purpose, much like that contained in 8-25 of the Connecticut General Statutes. It contains no specific standards with respect to provision of water to a subdivision, and cannot be used to justify the imposition of a condition which is not authorized under Section 2.4.a of the Subdivision regulations.
In imposing condition number 23 the Commission exercised a good faith effort to address the problem of potential ground water contamination. However, in using Section 2.2 as an alternative to Section 2.4.a the Commission exceeded its authority. Therefore, condition number 23 is void. Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350,353, 232 A.2d 916 (1967); Beckish v. Planning and Zoning Commission, 162 Conn. 11, 15, 291 A.2d 208 (1971).
The imposition of a void condition does not render the whole decision of the Commission illegal. Beckish, supra, p. 18. Where the condition is not an essential or integral part of CT Page 5050 the required action of the Commission, it can be severed from the action of the Commission in granting the subdivision application. Id., at p. 19. Condition number 23 is not an essential or integral part of the Commission's approval of the subdivision application. Therefore, that void condition does not render the Commission's approval of the subdivision application illegal.
The appeal is sustained and the Commission is directed to issue approval of the application without condition number 23.
BY THE COURT
AURIGEMMA, J.