[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by a property owner, Wilber Stoddard, and his tenant Michael Gronski from a decision of the Planning and Zoning Commission of the Town of Newington, hereinafter referred to as the "PZC".
The Court finds the following facts after hearing the arguments of counsel.
Stoddard owns a piece of real property in the town of Newington, located at 425 New Britain Avenue.
He leases that property to Gronski who pays him a monthly rent.
Gronski has maintained an automobile service garage on that property for many years. In 1985 Gronski was granted a limited repairer's license by the Department of Motor Vehicles.
Stoddard obtained a variance to allow a gas station on that site on December 15, 1956.
Sometime prior to December 11, 1990, Gronski cleared away the rear buffer of trees and growth on the subject property which had stood between the garage and the adjoining residential neighborhood.
In response to a neighbor's complaint made to the Town of Newington, the Newington Zoning Enforcement Officer, hereinafter referred to as "ZEO", issued a Cease and Desist Order to Stoddard on December 11, 1990. CT Page 10289
That order stated the plaintiffs were in violation of the following:
Clearing, regrading and removal of earth without approval or permit as required by 3.10 of the Newington Zoning Regulations.
The order further directed Stoddard to contact Ed Meehan, Town Planner "regarding your intended change of use of the site." It also directed Stoddard to "provide a site development plan along with an application for hearing before the Town Plan and Zoning Commission."
On December 21, 1990, the Town Planner sent a letter to counsel for the plaintiffs stating that the plaintiffs were to submit a site plan to the PZC of if they intended to park cars in the rear of the subject property. That letter also noted that Newington Zoning Regulations required a 25 foot buffer in the rear of the property.
On May 21, 1991, the plaintiffs applied for a hearing before the PZC for the purpose of "Complaint with order to Cease and Desist of December 11, 1990 by establishing a buffer."
After being scheduled and discussed by the PZC on June 12, 1991, the application was continued to July 10, 1991.
On July 10, 1991, the plaintiff's application also referred to as the Compliance Plan, was accepted by the PZC — including the requirement of a 15 foot buffer. The PZC in accepting the site plan, added the following restrictions. "Parking and storage of vehicles shall be limited to seven (7) at the front of the building, and a total of eighteen (18) for the entire property" (emphasis added). The PZC in a written notice of its action dated July 11, 1991, advised the plaintiff of its decision, including the additional directives. Attached to that letter was a "sketch site layout" which called for certain plantings at the front of the subject property.
On July 20, 1991, the plaintiffs filed the instant appeal contesting the following two directives issued by the PZC:
(1) The restriction of the number of vehicles CT Page 10290 which can be parked in the front side of the subject property; and
(2) The imposition of front side plantings.
While the record is unclear as to when, if at all, the PZC caused the notice of its decision to be published as required by 8-3 (9), Conn. General Statutes, the Court finds that process was served and this action commenced within 15 days after the July 11, 1991 written notice to the plaintiffs.
The Court also finds that both the owner Wilber Stoddard and the commercial tenant, Michael Gronski, are persons aggrieved, as contemplated by 8-8, Conn. General Statutes, by the action of the PZC in this case. Winchester Wood Associates vs. Planning and Zoning Commission, 219 Conn. 303,307 (1991); Primerica v. PZC, 211 Conn. 85, 93 (1980).
The defendant has argued that the plaintiffs "have failed to perfect their appellate rights" by failing to appeal the Cease and Desist Order to the Zoning Board of Appeals which, the defendant maintains, is the exclusive remedy to challenge such an order.
The plaintiffs argue that the defendant should be stopped from raising this "exhaustion of administrative remedies" defense due to the conduct of the ZEO and the PZC described hereinabove.
The Court agrees.
The defendants through their officers gave very specific direction to the plaintiffs in this case as to how the Town of Newington required these plaintiffs to proceed. Now that an appeal has been brought to this Court, the defendant cannot invoke other or additional rules and regulations as a jurisdictional prerequisite.
Similarly, the defendants have maintained that the PZC, itself, acted outside of its jurisdiction by accepting the very site plan it required the plaintiffs to produce. The defendant Town has not filed a cross-appeal nor has it requested that the decision of the PZC be vacated.
The Court finds that the defendant is estopped from CT Page 10291 denying the actions by the PZC or from seeking a finding by this Court, that the PZC acted in Contravention of its jurisdiction. The members of the PZC were charged with the responsibility of determining whether the plaintiffs were seeking a formal site plan review or entertaining an application for a variance. This Court is not going to substitute its judgment for that of the Commission. Frito-Lay, Inc. vs. PZC, 206 Conn. 554, 572 (1988).
Moreover, the plaintiffs argue that they are not challenging the Cease and Desist order, but rather the two specific directives cited above which were issued by the PZC after the hearing.
The plaintiffs, citing the written instructions of the ZEO, the Town Planner, their own application and the PZC's own Agenda for June 12, 1991, argue that at no time did they present before the PZC the issue of front yard parking and front yard plantings — and at no time were those issues noticed or raised by the PZC as part of its public hearing.
The plaintiffs argue that the PZC acted arbitrarily, illegally or in abuse of its discretion when it imposed the two directives which are the subject of this action.
When approving a site plan application, a zoning commission may not impose conditions as a means of forcing the plaintiffs to correct zoning violations which are unrelated to the application. Upjohn Company v. North Haven ZBA,4 Conn. L. Rptr. 122 (Hodgson, J., May 24, 1991).
A condition is void where the condition imposed is unrelated to the activity that is subject to the permit or site plan. Backish [Beckish] vs. PZC, 162 Conn. 11, 17 (1971).
The Court finds that the PZC, by imposing front yard planting and parking restrictions as part of its approval of the plaintiffs' proposed site plan, did act arbitrarily and did abuse its discretion.
Pursuant to 8-81 (1) Conn. General Statutes the Court enters judgment for the plaintiffs and modifies and revises the July 10, 1991 decision of the Newington Planning and Zoning Commission by excising from that decision the following restrictions: "Parking and Storage of vehicles shall be CT Page 10292 limited to seven (7) at the front of the building. . ." and, also the front yard planting requirements more particularly described in the "sketch site layout."
By Court,
Joseph W. Doherty Judge