[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The defendant, Congregation Adath Israel, applied to the Planning 
Zoning Commission of the Town of Newtown, seeking a special exception for the purpose of conducting a place of worship and a religious school (ROR CT Page 8375 38).
The property for which the special exception is sought is located at 115 Huntingtown Road, approximately 2,000 feet south of its intersection with Meadowbrook Road.
The property consists of 1.96 acres, and is located in a R-2 (2 acre) residential zone.
For approximately seventy years, the been the location of a synagogue.
Historically, this area of Newtown was home for a community of Jewish farmers, many of whom participated in the building of the original structure (ROR 1, p. 6).
The building contemplated by the special exception consists of two floors, totaling 13,220 square feet.
Section 4.06.200 of the Newtown Zoning Regulations, allows places of religious worship as permitted uses in farming/residential zones.
A public hearing was conducted on January 21, 1999.
The special exception request represented a revision from a previous application (ROR 1, p. 45), which the commission had rejected, and from which rejection the congregation had appealed.
On February 18, 1999, the commission voted 4-1 to approve the special exception requested by Congregation Adath Israel.
As required by § 8.04.700 of the Newtown Zoning Regulations, the resolution included a specific finding that the standards and criteria for the granting of a special exception contained in § 8.04.700 of the regulations had been met (ROR 1, pp. 43-44).[1]
The approval included specific conditions voted by the commission (ROR 1, p. 44; ROR 8).
 1. That the notes on the side [sic] plan shall be revised to indicate the proper lot area and to indicate the map number and title to the A-2 Survey that is on file in the Newtown Land Records, which is indicated upon the affidavit submitted by the applicant.
 2. That the proposed building be revised to comply CT Page 8376 with the height limitations pursuant to Article V of the Newtown Zoning Regulations.
 3. That the religious worship and religious school functions shall be limited to those described upon the approved site plan which is cited above. If the applicant desires to intensify the use for which this special exception is granted, the applicant must obtain an additional amended special exception in accordance with the provisions of the Newtown Zoning Regulations.
The action of the commission was published on February 26, 1999.
Thereafter, the plaintiff, Robert Testa, brought this appeal, claiming that the action of the defendant, Planning Zoning Commission, was arbitrary, illegal, and in abuse of its discretion, in one or more of forty-six ways specified in his complaint.
 AGGRIEVEMENT
The plaintiff, Robert Testa, is the owner of property at 105 Huntingtown Road (Exhibit 1) which abuts the property for which the special exception is sought.
Section 8-8 (a)(1) of the Connecticut General Statutes defines "aggrieved person" to include one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Based on his ownership of land abutting 115 Huntingtown Road, it is found that the plaintiff is statutorily aggrieved by the action of the defendant, Newtown Planning Zoning Commission.
It is therefore unnecessary to consider whether he could also prove classical aggrievement.
 STANDARD OF REVIEW
When acting upon an application for a special exception, a planning and zoning commission acts in an administrative, rather than in a legislative or quasi-judicial capacity. A.P.W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 184-85 (1974).
The terms "special exception" and "special permit" are interchangeable.Beckish v. Planning Zoning Commission, 162 Conn. 11, 15, (1971). CT Page 8377
A special permit or special exception allows property to be used in a manner expressly permitted by the zoning regulations. A permit is required because the nature of the proposed use is such that its exact location and mode of operation must be regulated because of the particular topography, traffic problems and neighborhood uses. WhisperWind Development Corporation v. Planning Zoning Commission,32 Conn. App. 515, 519 (1993).
Because it sits in an administrative capacity, the zoning authority's function is to determine whether the standards set forth in the regulations and statutes are satisfied. Quality Sand Gravel, Inc. v.Planning Zoning Commission, 55 Conn. App. 533, 537 (1999).
Although the commission has no discretion but to approve an application for a special exception if the regulations and statutes are satisfied;Westport v. Norwalk, 167 Conn. 151, 155 (1974); the special permit or special exception process is not purely ministerial. The commission may determine whether general standards concerning health, safety and welfare, contained in the regulations, have been satisfied. Irwin v.Planning Zoning Commission, 244 Conn. 619, 627 (1998).
On factual questions, a reviewing court cannot substitute its judgment for that of the duly constituted municipal land use agency. Timber TrailsCorp. v. Planning Zoning Commission, 222 Conn. 380, 401 (1992).
In applying the law to the facts of a particular case, the municipal agency is cloaked with liberal discretion, and its action is subject to review by the court only to determine whether it acted arbitrarily, unreasonably, or illegally. Connecticut Sand Stone Corporation v.Zoning Board of Appeals, 150 Conn. 439, 442 (1963).
So long as it appears that an honest judgment has been reasonably and fairly exercised by the commission, after full hearing, courts should be cautious about disturbing the commission's decision. Cameo Park Homes,Inc. v. Planning Zoning Commission, 150 Conn. 672, 677 (1963).
 THE COMMISSION'S DECISION FINDS SUPPORT IN THE RECORD
In voting to approve the special exception requested by Congregation Adath Israel, the defendant commission, as required by § 8.04.700 of its regulations, made a specific finding that the criteria for the granting of a special exception had been met.
A traffic study (ROR 39) concluded that the proposed synagogue can be satisfactorily accommodated in terms of traffic conditions and safety. CT Page 8378
The approval of the fire marshal was secured, with stipulations (ROR 17), and the proposal is not a regulated activity, requiring approval of the municipal wetlands agency (ROR 18).
Although some neighbors objected to the proposal, claiming that it did not fit the rural character of the community (ROR 13), the commission was not required, when faced with the entire record, to accept these assertions as fact.
Concerns raised regarding the proposed height of the structure, are addressed in the conditions voted by the commission and accepted by the applicant.
The height of the edifice must comply with Article V of the Newtown Zoning Regulations (ROR 1, p. 45).
The commission carefully considered the "slippery slope" scenario advanced by the plaintiff, relative to other uses for the property, and chose to restrict the use to which the property may be put in the site plan conditions.
Any intensification of the uses granted by way of special exception, would require amending the special exception (ROR 1, p. 44; ROR 8).
In an apparent attempt to tarnish the integrity of the commissioners, and to discredit their decision, the plaintiff had intimated that the commissioners were intimidated by Congregation Adath Israel and its supporters.
The records fails to reveal any evidence of threat or intimidation.
Instead, the record reflects the desire of the commission to accommodate the needs of a religious organization which has enriched Newtown's community life for seventy years, while recognizing and respecting both the criteria which must be met before a special exception can be approved, and the concerns of neighboring property owners.
The only effect of the plaintiff's unsubstantiated allegation of "intimidation" is to undermine and discredit any valid objection which he might have possessed.
Because the plaintiff's initial sixty page brief failed to comply with § 14-7 of the Connecticut Practice Book, a subsequent thirty-five page brief was filed following a timely and well taken objection. CT Page 8379
The plaintiff has offered a fountain of words and phrases, but a veritable desert of case law citations in his effort to persuade the court that the decision of the municipal agency ought to be overturned.
The commission at first rebuffed the congregation, when it came seeking the necessary special exception.
Only after a second hearing, and a revised presentation, was the necessary approval obtained.
The decision of the commission finds abundant support in the record, and cannot be impeached or tarnished by the plaintiff's reckless and unsupported allegations.
Although the defendant, Congregation Adath Israel, does not seek to sustain the granting of the special exception on constitutional grounds, it should be noted that the application of zoning regulations to restrict religious uses, raises concerns over possible infringement of constitutional rights guaranteed by both the United States Constitution, and the Constitution of the State of Connecticut, article first, §3.
Religious uses of property require more protection than other uses of property, and zoning regulations should not be strictly enforced against religious uses. Daughters of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 67 (1988).
While Connecticut courts have uniformly held that religious institutions may not be wholly excluded from a residential zone, they may be subject to reasonable regulation, without violating the constitutional guarantee of freedom of religion. St. John's Roman Catholic ChurchCorporation v. Darien, 149 Conn. 712, 720 (1962); Grace Community Churchv. Town of Bethel, 30 Conn. App. 765, 772 (1993).
However, courts have taken a broad view of what activities are allowed on religious property, in addition to a house of worship. Havurah v.Zoning Board of Appeals, 177 Conn. 440, 447-48 (1979).
The plaintiff objects to the prospect of using the facility for religious education and classrooms.
This objection is without merit.
Allowing sufficient space for religious education is directly and intimately related to the use of the proposed structure as a place of religious worship. CT Page 8380
Anticipating that a church, synagogue or mosque would use its property for religious purposes, without making provision for religious education, is disingenuous, and defies common experience.
Many Christian churches operate a "Sunday School" program, usually contemporaneous with or immediately before the worship service on Sunday morning.
The title "Rabbi" is loosely translated "Teacher."
The use of classrooms for religious instruction (Hebrew School) and the teaching of the Torah, is a reasonable accessory use; one with a more direct connection to the worship experience than uses which have received court blessing (see Havurah v. Zoning Board of Appeals, supra (overnight accommodations in addition to religious activities; and Daughters of St.Paul v. Zoning Board of Appeals, supra (convent could maintain a book store as incident to a convent and a chapel).
The commission could reasonably and logically find that the space for religious education was a part of the place of worship, allowed by the special exception, and not a separate use, as urged by the plaintiff.
 MUNICIPAL ZONING BOARD CANNOT DETERMINE TITLE TO REAL PROPERTY
The plaintiff has questioned the ownership of the property for which the special exception is sought.
Even if the court takes the leap of faith which would be required to find merit in this argument, the plaintiff has selected an inappropriate forum.
A municipal land use agency can only act within the scope of the powers and duties prescribed by statute. Ghent v. Zoning Commission,220 Conn. 584, 588 (1991).
A zoning authority has no power to determine property rights, or to try title to real estate. Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 694 (1993); Cybulski v. Planning ZoningCommission, 43 Conn. App. 105, 110 (1994); Beckish v. Manafort,175 Conn. 415, 422 n. 6 (1978).
Title to real estate requires a judicial determination in a action to quiet title governed by § 47-31 of the Connecticut General Statutes.Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 58 (1987).
 USE OF PROPERTY AS A SYNAGOGUE IS A VALID NONCONFORMING USE
CT Page 8381
The plaintiff further argues that the commission could not properly grant the request for a special exception because the parcel does not have sufficient area.
The argument is not well taken.
The Newtown Zoning Regulations fail to provide any minimum area requirements for a house of worship.
It is true, that the record reveals a parcel consisting of 1.96 acres, slightly less than the two acre minimum required in a R-2 zone.
However, given the use of a building on the property for religious worship for seventy years, the parcel enjoys the protection and sanctuary offered by § 8.05.700 of the Newtown Zoning Regulations, and § 8-2
of the Connecticut General Statutes.
Where a nonconformity exists, it is a vested right which adheres to the land itself, and is entitled to constitutional protection. OGIndustries, Inc. v. Planning Zoning Commission, 232 Conn. 419, 430
(1995.)
The right to a nonconforming use is a property right, and any provision of an ordinance or statute which takes away that right in an unreasonably manner, is invalid. Petruzzi v. Zoning Board of Appeals, 176 Conn. 479,484 (1979).
Therefore, even if the two acre minimum applied in a R-2 zone, and it is found that the parcel is .04 acre shy of the required acreage, the nonconforming use of the property would control.
Because we are dealing with a religious building, the Constitution of the State of Connecticut, article seventh, provides a special and unique recognition to houses of worship, and the role played by religious societies in the life of our state and communities.
While no court has construed the language of article seventh, and it is not necessary to reach the constitutional issues presented based on the factual record, article seventh provides that a religious society "may build and repair houses of public worship."
Here, the defendant, Congregation Adath Israel, seeks to renovate, modernize and repair a facility which has housed the Torah for seventy years. CT Page 8382
The appeal of the plaintiff, Robert Testa, is dismissed.
Radcliff, J.