VINCENT J. DOWLING ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF OLD LYME

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued May 13—decision released August 3, 1982

*John F. Scully,* with whom, on the brief, was *Eugene A. Cooney,* for the appellants (plaintiffs).

*John G. Ellsworth,* with whom, on the brief, was *Marilyn C. Clarke,* for the appellee (defendant).

SHEA, J. The plaintiffs own a beach-front parcel of land in Old Lyme with an area of 7150 square feet which is situated in a residential zone where a minimum area of 10,000 square feet is required. The lot is improved with a dwelling which faces south upon Long Island Sound and a detached garage which is closer than the house to Sea Lane, a private road bounding the property on the north. In 1976 this land was the subject of an application to the zoning board of appeals for Old Lyme which made the following requests: (1) a special exception for the purpose of enclosing an existing porch; (2) a building permit to erect a shower shed to be attached to the garage; and (3) a variance for the shower shed in the event that the building permit for that purpose was refused. After hearing the

application, the board denied it completely. The plaintiffs appealed from the refusal of the board to grant each of their requests. The trial court affirmed the action of the board and dismissed the appeal. From that judgment the plaintiffs have appealed to this court.

The application for the special exception was made pursuant to § 3.10.2.1[1] of the town zoning regulations which provides that for a parcel with an area of less than 9000 square feet like that of the plaintiffs, a special exception may be granted as to the minimum lot area requirements for "owners of such parcels of record as of August 12, 1959 . . . for the otherwise permitted uses thereof . . . ." The board of appeals and the trial court construed this regulation to pertain only to the erection of a building upon a vacant lot and not to apply to the property of the plaintiffs upon which structures had already been erected.

[1] "[Old Lyme zoning regulations] § 3.10.2.1   With respect to any such parcel having an area less than 9,000 square feet, a special exception may be granted by the Zoning Board of Appeals as to the general requirements of minimum lot area and minimum lot area per family unit set forth in Section 4.2 to the owner or owners of such parcels of record as of August 12, 1959, or to the assignees of said owner or owners, for the otherwise permitted uses thereof provided that as conditions precedent to the granting of such special exceptions:   (a) the size of the parcel shall not have been decreased in size by sale or other division of a portion thereof since August 12, 1958;  (b) the owner shall have filed with the Zoning Inspector a scale map bearing the seal and signature of a licensed civil engineer and land surveyor, showing: lot lines and dimensions, soil classifications; approximate depth of maximum ground water level; location of the proposed building, sewage disposal system and water supply on owner's lot, with dimensions; and approximate locations and water supplies on adjoining lots, with dimensions;  (c) the Zoning Inspector shall endorse on such map that the requirements of the Building Code, Section 115, are fully complied with, or that the Town Health Officer has approved any condition not in compliance with the Building Code, Section 115."

We see nothing in the language of the regulation to support this interpretation and we are not aware of any consideration of policy which would justify the distinction made by the board between improved and unimproved lots. The regulation refers indiscriminately to "such parcels," being those lacking the required area whether vacant or built upon. The definition of "lot" in the regulations[2] includes a "parcel of land occupied, or capable of being occupied, in conformity with these regulations by one principal building and the accessory buildings or uses customarily incident to it . . . ." The implication of this definition is that vacant and improved properties are to be treated on an equal basis under the regulations. No claim has been made that one of the improvements for which the plaintiffs sought authorization, enclosure of an existing porch, was not a permitted use under the zoning requlations. During argument the defendant conceded that the plaintiffs would have been able to obtain a special exception to construct this improvement of their property exactly as sought in their application if their lot were vacant. There is no reason to deny them this privilege simply because they have already partly achieved their ultimate goal. We conclude that the trial court's adoption of the construction of the regulation followed by the zoning board of appeals was clearly erroneous and that the special exception, the necessary conditions for which have not otherwise been challenged, should have been granted.

Since a special exception under § 3.10.2.1 applies only to the minimum area requirement "for the otherwise permitted uses," the granting of a special

---

[2] Old Lyme Zoning Regulations § 1.13.

exception would not authorize any use not sanctioned by the regulations. It is not disputed that the enclosure of a porch falls within the category of permitted uses. The construction of a shower shed attached to the garage[3] would similarly be allowed except for the fact that the defendant town claims that the garage, which is situated between the private road, Sea Lane, and the dwelling of the plaintiffs, is a nonconforming use because it is in the front yard of the property. Section 3.12 of the zoning regulations provides that detached accessory buildings, such as a garage, "may be located in the required rear or side yards," presumably excluding a "front yard" location. The term "Yard, Front" is defined as "[a]n open space between the building and the front lot line . . . ."[4] "Lot Line, Front" under the regulations means "[a]ll dividing lines between a street and the lot . . . ."[5] "Street" includes "a public or private highway or right-of-way giving access to the lot."[6] The plaintiffs contend that their front lot line borders upon a private beach along the shore which constitutes a private right-of-way for access to their lot. The defendant maintains that any such right-of-way to be considered a "street" must provide equivalent access to that afforded by a "public or private highway," which would ordinarily include vehicular access

---

[3] The plaintiffs applied for a building permit to replace an outside shower with a shed covered by an extension of a portion of the existing garage. When the problem of extension of a nonconforming building was raised at the hearing the plaintiffs offered to modify their application by requesting authorization for a detached shower shed to be located also between the house and Sea Lane. This proposed modification is of no significance in view of the conclusion we reach.

[4] Old Lyme Zoning Regulations § 1.30.

[5] Old Lyme Zoning Regulations § 1.15.

[6] Old Lyme Zoning Regulations § 1.24.

and not merely the pedestrian access furnished by the beach. The house of the plaintiffs, in common with the other houses similarly located between the beach and Sea Lane, the private road, faces Long Island Sound.

"Zoning regulations, being in derogation of common law property rights, should not be extended by construction beyond the fair import of their language and cannot be construed to include by implication that which is not clearly within their express terms." *J & M Realty Co.* v. *Board of Zoning Appeals,* 161 Conn. 229, 233, 286 A.2d 317 (1971). Since the regulations define "street" to include a private right of way providing access to a lot, without reference to the quality of such access, the plaintiffs' contention that they may treat the beach as a "street" for the purpose of determining the location of their front yard is not in conflict with any zoning provision.[7] The location of their garage between the house and Sea Lane, therefore, is not in the "front yard," as the trial court concluded but in the back yard as the design and placement of the structures thereon would indicate. The garage is not a nonconforming use by virtue of its location and the building permit for construction of the shower shed attached to the garage should have been granted.

In view of the result we have reached, we need not consider the issues related to the application for a variance to erect the shower shed or the claim that the board was biased against the plaintiffs.

---

[7] We do not mean to suggest that an owner would prevail in a claim that his lot had more than one front because of its location upon more than one access way qualifying as a "street" under the zoning regulations.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal in accordance with this opinion.

In this opinion the other judges concurred.