[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative or record appeal of a decision by the defendant, the Zoning Board of Appeals of the city of Stamford (ZBA), which upheld or affirmed a ruling of the Zoning Enforcement Officer (ZEO), who is also named as a defendant. The subject premises are located at 68 Saddle Rock Road, Stamford, in the R-20, single-family zone. The owners and plaintiffs in this appeal are Karen A. Murphy and Kathleen A. Murphy.
The plaintiffs sought a zoning permit in order to build a main residential dwelling on their property. The ZEO refused to issue such a permit because there are three other structures, a cottage, a greenhouse and a garage, already existing on the property. If a main residential dwelling is constructed, the three other structures would become accessory buildings to the main use, but they are located in front of the planned new home in violation of the Stamford Zoning Regulations (regulations.)
The plaintiffs appealed that refusal to the defendant ZBA in accordance with section 19.1.2 of the Stamford Zoning Regulations.[1] This section provides that "[a]ny person claiming to be aggrieved . . . by any order, requirement or decision made by the Zoning Enforcement Officer may appeal to the Zoning Board of Appeals as provided in Section 8-7 of the Connecticut General Statutes as amended." General Statutes § 8-7
provides for appeals to a zoning board of appeals of "any order, requirement or decision of the official charged with the enforcement of the zoning regulations." See also General Statutes § 8-6. After a public hearing, the ZBA affirmed the decision of the ZEO in a decision dated July 5, 2000.
At the same time that they appealed the decision of the ZEO, the plaintiffs also filed an application for a variance of several regulations regarding the existing three structures in the event, as was the case, that the defendant ZBA upheld the decision of the ZEO in refusing to grant permission to build a main residential dwelling. The defendant ZBA granted the requested variances pertaining to Article III, section 3.A.2, definitions, Article III, section 6.A, accessory buildings, Article III, section 7.A and 7.L, area and supplemental regulations, and Table III, appendix B, side yard setback.[2]
In granting the application for variances, however, the defendant ZBA imposed certain conditions with respect to the use of the cottage, greenhouse and garage, all aimed at insuring that those building not be CT Page 9591 used for residential or commercial use, except that the cottage could be occupied by persons "employed in the domestic service of the occupants of the main residence."[3]
The plaintiffs appealed the imposition of these conditions, and therefore, there are two appeals, the first involving the decision of the ZEO and the second regarding the propriety of the conditions imposed by the ZBA in connection with the granting of the requested variances. At a hearing held by this court on April 5, 2001, the plaintiffs, as owners of the subject premises, were determined to be aggrieved in accordance with General Statutes § 8-8(b).
The background of this appeal began when the property was all one lot. There was a main residence and the three structures in question were accessory buildings to that use. By agreement of certain property owners in 1981, the property was divided into three lots, one of which now belongs to the plaintiffs. The cottage was occupied and it became the main or principal residence. However, with the planned construction of a large residential structure on the plaintiffs' lot, the three structures would become accessory uses. However, the cottage, greenhouse and garage are all located in front of the proposed main building, whereas, according to the regulations, accessory structures must be located to the rear of the principal building. The ZEO decided that the three buildings were in the front of the main residence because they are closer to the street, Saddle Rock Road, than the proposed principal dwelling. Accessory buildings are not permitted in the front yard pursuant to Article III, section 6.A of the regulations. Thus, their continued presence required certain variances according to the ZEO.
The standard of review of a decision by a ZBA with respect to the action of a ZEO is well known. "Following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 82, 626 A.2d 744 (1993). The court must decide whether the regulation was "correctly interpreted" by the ZBA and applied "with reasonable discretion to the facts." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). The issue is only whether the defendant ZBA's decision was arrived at "fairly or with proper motives or upon valid reasons . . ." (Internal quotation marks omitted.) Id. However, there is a caveat. "In light of the existence of a statutory right of appeal from the decisions of local zoning authorities, however, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty." DaughtersCT Page 9592of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56-57,549 A.2d 1076 (1988).
Finally, "[i]n reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." Francini v. Zoning Boardof Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). It is axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Fernandes v.Zoning Board of Appeals, 24 Conn. App. 49, 55, 585 A.2d 703 (1991). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not to attempt to weigh the evidence or determine issues of fact. Farrington v. ZoningBoard of Appeals, 177 Conn. 186, 190, 413 A.2d 817 (1979).
The ZBA did not act unreasonably, arbitrarily or illegally in affirming the decision of the ZEO not to authorize the construction of a new main residential dwelling so long as the three accessory structures existed in to front of the proposed new building. Article III, section 6.A provides that accessory buildings may not be located in a front yard. Article III, section 7.1 provides that dwelling quarters exclusively for domestic employees are permitted but only in the rear portion of a lot. Article II, section 3.A.61 defines a front yard in terms of the distance from the street line to the building to be measured at right angles to the street line.
The plaintiffs have submitted several arguments about "grandfathering" their three nonconforming structures, a tortured definition of "front yard," and the applicability of Dowling v. Zoning Board of Appeals,187 Conn. 689, 447 A.2d 1172 (1982), none of which is in the least persuasive. Thus, the decision of the defendant ZBA upholding the ruling of the ZEO that variances were required is affirmed, and the appeal of the plaintiffs with respect to that decision is dismissed. General Statutes § 8-8(l).
The second part of this appeal by the plaintiff concerns the imposition of the conditions referred to previously. It is well recognized that in granting a variance, a zoning board of appeals may impose conditions, provided they are reasonable. "This court previously has concluded that [a] zoning board of appeals may, without express authorization, attach reasonable conditions to the grant of a variance. Burlington v. Jencik,168 Conn. 506, 509, 362 A.2d 1338 (1975). The power to impose conditions is implied in the power to grant variances. See id. The purpose of a condition, however, must be to ensure that the variance is in harmony with the general purpose and intent of the zoning ordinance. Id.; see CT Page 9593 also General Statutes § 8-6(a)(3)." (Internal quotation marks omitted.) Gangemi v. Zoning Board of Appeals, 255 Conn. 143, 161,763 A.2d 1011 (2001). The conditions imposed by the defendant agency pass this test because they are all aimed at making sure the greenhouse and garage were not used for commercial purposes, which are not permitted in the residential zone in question. The use of the cottage was restricted to domestic employees because the regulations allow only one principal dwelling, and any other dwelling on a lot is restricted to such persons.
Thus, the conditions attached to the variance were reasonable and the appeal by the plaintiffs from the imposition thereof is dismissed, and the action of the defendant agency is affirmed.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of July, 2001.
William B. Lewis Judge Trial Referee